## Glenn et al. *v.* Trees et al.

Argued March 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*H. M. Irons,* with him *Joseph N. Mackrell,* for appellants.

*John O. Wicks,* of *Weller, Wicks & Wallace,* with him *Smith H. Shannon,* for appellees.

PER CURIAM, April 14, 1930:

On plaintiff's petition, May 25, 1929, the court below allowed a rule on defendants to show cause why a decree, entered by that tribunal in 1922 and subsequently affirmed by the Supreme Court (Glenn v. Trees, 276 Pa. 165), should not be opened. The petition alleged that the decree in question had been obtained through perjury, and by fraud upon the court. On January 2, 1930, the court below set aside the rule to open its decree. Appellants assign for error this final decree of January 2, 1930. There are other assignments, attacking decisions of the court below connected with proceedings which took place between the allowance of the above recited rule to open and the date of its final disposition; but since all of these decisions relate either directly or indirectly to the application to open the decree of 1922, and it is plain, on the averments before the court below, that the application never should have been entertained, it becomes unnecessary to consider decisions rendered in the period between the allowance of the rule on the petition to open and its subsequent vacation.

The decree which plaintiff sought to have opened was entered March 27, 1922, and affirmed January 3, 1923. The evidence depended on to establish the alleged fraud on the court was discovered August 7, 1924, yet the application to open was not made until May 25, 1929. As stated by the court below, so far as the averments before it showed, the testimony relied on was only cumulative and referred to issues already heard and disposed of years ago, since which time "witnesses acquainted with certain of the disputed facts have died." On final consideration, the court below was not satisfied by plaintiff's averments that it was reasonable to believe the evidence in question would, if produced, show the original decree to have been obtained by fraud and perjury; therefore, it was warranted in vacating the rule which gave rise to the proceedings now under review.

The appeal is dismissed at cost of appellants.